IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR252 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | AMENDED TENTATIVE FINDINGS |
| | ) | |
| RICARDO NAVARRETE-NAVARRETE, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 100, 101). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to the following portions of the PSR: ¶¶ 13-20 (government's version of the offense); ¶¶ 22-23 and 30 (drug quantity); and ¶¶ 50, 62 and 80 (ICE status). The government objects to the absence in ¶ 31 of a dangerous weapon enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). The objections are discussed below.

### ¶¶ 13-20 - Government's Version of the Offense

The Court is not at liberty to change the government's version of the offense. The objection is denied.

### ¶¶ 22-23 - Investigative Reports

The Defendant objects to these paragraphs in conjunction with his objections to the drug quantity and references to a firearm. The Court is not at liberty to change the contents of investigative reports or interviews. Moreover, a gun enhancement was not a part of the sentencing guideline calculation. The objections are denied.

***¶¶ 30 - Drug Quantity***

The objection will be heard at sentencing. The government bears the burden of proof by a preponderance of the evidence.

***¶¶ 50, 62, 80 - ICE Status***

The Defendant objects to the probation officer's conclusions with respect to the Defendant's "resident alien status." Paragraph 50 states that the Defendant asserts he is a resident alien, but ICE has no documentation indicating legal status. The Court is not at liberty to change these statements by the Defendant or reflecting ICE's statement or records. Paragraphs 62 and 80 refer to possible deportation. These references are not unreasonable in light of the presence of an ICE detainer on page 1 of the PSR. The objections are all denied.

***¶ 31 - Dangerous Weapon Enhancement***

The government bears the burden of proving that the Defendant possessed a dangerous weapon and that the 2-level enhancement under § 2D1.1(b)(1) applies.

IT IS ORDERED:

1. The Defendant's Objection to ¶ 30 of the Presentence Investigation Report (Filing No. 100) will be heard at sentencing, the government's objection to the lack of a dangerous weapon enhancement in ¶ 31 will be heard at sentencing, and the Defendant's objections to ¶¶ 13-20, 22-23, 50, 62 and 80 of the PSR (Filing No. 100) are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3.  If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.  Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.  Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 23rd day of May, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge