### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR252** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **RICARDO NAVARRETE-NAVARRETE,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 156) filed by the Defendant, Ricardo Navarrete-Navarrete. Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

Navarrete was convicted after a jury trial of the following offenses charged in the Indictment: conspiring to distribute or possess with intent to distribute more than 500 grams of methamphetamine (Count I); and possession with intent to distribute methamphetamine (Count III). (Filing No. 90.) The Eighth Circuit affirmed his conviction. (Filing Nos. 148, 149.) On October 16, 2008, the Eighth Circuit denied Navarrete's petition for rehearing and for rehearing enbanc. (Filing No. 153.) Navarrete timely filed his § 2255 motion. (Filing No. 156.)

**DISCUSSION**

Navarrete raises two claims: ineffective assistance of counsel for failing to call impeachment witnesses at trial (Claim One); and he was sentenced in violation of the Fifth and Sixth Amendments when uncharged conduct (Count II) was used toward his drug quantity (Claim Two).

*Ineffective Assistance of Counsel*

In order to establish ineffective assistance of counsel, a defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a demonstration that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

Navarrete argues that his trial attorney was ineffective for failing to call two witnesses who would have impeached the government's cooperating witnesses with respect to Navarrete's whereabouts on February 21, 2006. Navarrete argues that the two individuals who were not called would have shown that the government's witnesses were lying and testified in order to receive lower sentences.

Trial strategy is generally a matter left to trial counsel's discretion. Viewing the PSR, it does not appear that quantities from any drug transactions that might have occurred on February 21, 2006, were used in calculating Navarrete's base offense level. (Filing No. 115 (PSR), ¶¶ 13-20.) Navarrete asserts that he wanted the additional witnesses to show

that the government's witnesses were testifying for their own personal gain. However, it was established during the testimony of the government's witnesses that those witnesses were testifying in return for the possibility of a lower sentence. Given the facts and the record in Navarrete's case, he cannot prove either prong of the *Strickland* test, and this claim is denied.

*Uncharged Conduct*

Navarrete argues that the drug transaction charged in Count II against his codefendant, Andrew R. Dorothy, was used against him in violation of the Fifth and Sixth Amendments to the United States Constitution.

Count II charges that Dorothy distributed methamphetamine on April 21, 2006. (Filing No. 1.) This drug transaction was not used in calculating Navarrete's base offense level. (Filing No. 115 (PSR), ¶¶ 13-20.) Therefore, Navarrete cannot prove either prong of the *Strickland* test, and this claim is denied.

## CONCLUSION

Because it plainly appears from the record that Navarrete cannot satisfy the prejudice prong of the *Strickland* test with respect to any of his claims, his § 2255 motion is summarily denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 156);

2.  The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 156) is summarily denied;

3.  The Defendant's requests for an evidentiary hearing and appointment of counsel are denied; and

4.  The Clerk is directed to mail a copy of this memorandum and order to the Defendant at his last known address.

DATED this 30th day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge